STANOLIND OIL AND GAS COM-
PANY, Appellant,

v.

Fred A. SEATON, Secretary of the
Interior, Appellee.

Nos. 13066–13067.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1956.

Decided Nov. 1, 1956.

Petition for Rehearing Denied
March 19, 1957.

Mr. W. W. Heard, Tulsa, Okl., of the bar of the Supreme Court of Oklahoma, *pro hac vice,* by special leave of Court, with whom Mr. Neil F. Stull, Washington, D. C., was on the brief, for appellant.

Mr. George S. Swarth, Attorney, Department of Justice, with whom Messrs. John F. Davis, Assistant to the Solicitor General, and Roger P. Marquis, Attorney, Department of Justice, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

EDGERTON, Chief Judge.

On September 12, 1946, the State of Louisiana issued to appellant six oil and gas leases covering submerged lands in the Gulf of Mexico. The leases were to expire at the end of a year unless the lessee drilled or renewed the leases for a year by paying additional rent. Appellant did not drill, but paid rent for three one-year renewals and so maintained the leases in effect until September 12, 1950. Meantime, on June 5, 1950, the Supreme Court ruled that the leased area belonged to the United States. United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216.

Rent became due again September 12, 1950. Appellant did not pay it.[1] This terminated the leases according to their terms. And on September 15, 1950, appellant executed and delivered formal written releases to the State of Louisiana.

---

[1] There is some dispute as to whether this was solely due to the Supreme Court decision, or whether appellant had ceased to be interested in the leased area.

On August 7, 1953 Congress passed the Outer Continental Shelf Lands Act. 67 Stat. 462, 43 U.S.C.A. §§ 1331–1343. It provides in § 6(b) that "Any person *holding* a [State] mineral lease, which as determined by the Secretary [of the Interior] meets the requirements of subsection (a) of this section, may *continue to maintain* such lease, and may conduct operations thereunder, in accordance with (1) its provisions * * * as to the term thereof and of any extensions, renewals, or replacements authorized therein or heretofore authorized by the laws of the State issuing such lease, or, if oil or gas was not being produced in paying quantities from such lease on or before December 11, 1950, * * * then *for a term from the effective date hereof [August 7, 1953] equal to the term remaining unexpired on December 11, 1950 * * *.*" 67 Stat. 466, 43 U.S.C.A. § 1335(b). (Emphasis added.)

On September 10, 1953, appellant asked appellee, the Secretary of the Interior, to determine that appellant was entitled by § 6 of the Act to maintain the Louisiana leases as federal leases to the extent that they covered lands of the outer continental shelf.[2] Appellee determined that § 6(b) of the Act covers only leases in existence on December 11, 1950, and also on August 7, 1953, when the Act was passed. The District Court granted summary judgment for the appellee.

We think the court was clearly right. The leases in suit had no "term remaining unexpired on December 11, 1950". Appellant was not, when the Act was passed, "holding" the leases. For each of these reasons, independently of the other, § 6(b) of the Act does not cover these leases.

Affirmed.

WILBUR K. MILLER, Circuit Judge, dissents.

2. Appellant tendered to the Secretary the rents that would have become due under its leases, if they had been in effect, between June 5, 1950, and August 7, 1953, and also rent for the year beginning September 12, 1953.